**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0982-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KENNETH LEWANDOWSKI,

    Defendant-Appellant.

_____

Submitted November 16, 2020 - Decided December 8, 2020

Before Judges Rothstadt and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 15-07-1221.

Joseph E. Krakora, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kenneth Lewandowski appeals from a May 11, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On January 11, 2016, defendant pled guilty to distribution of controlled dangerous substances (CDS), N.J.S.A. 2C:35-5(b)(4), and the unlawful practice of medicine, N.J.S.A. 2C:21-20. Defendant had been a practicing physician, but his medical license was suspended in or around 2014. Despite the lack of a medical license, defendant wrote oxycodone prescriptions on behalf of former patients, using prescription forms bearing the name of another doctor.

Rather than proceeding to trial, defendant negotiated a plea with the State. As part of the negotiated plea, the State was willing to dismiss three of the five charges against defendant. In addition, the State agreed to recommend defendant be sentenced to six years, with a minimum two-year period of parole ineligibility, if defendant agreed to testify against co-defendants and relinquish his medical license.

During the plea hearing, defendant told the judge he reviewed the plea with his attorney, understood the plea, and was satisfied with the plea based on discussions with his attorney. He also told the judge he was pleading guilty because he was guilty of the crimes and was not under duress or subject to any

A-0982-18T4

coercion regarding the plea. At sentencing, the judge found that "the aggravating factors substantially outweigh[ed] the mitigating factors" and sentenced defendant to two concurrent terms of six years with two years of parole-ineligibility.

Defendant filed an appeal limited to challenging the sentence. The matter was heard by an appellate excessive sentencing panel. The panel held the sentence was "not manifestly excessive or unduly punitive and [did] not constitute an abuse of discretion" but remanded for the "entry of a corrected judgment of conviction to include the proper number of . . . credits" and to correct a clerical error. State v. Lewandowski, No. A-3775-15 (App. Div. Dec. 14, 2016).

In January 2017, defendant filed a PCR petition, claiming he received ineffective assistance of trial counsel. Defendant asserted his trial counsel failed to: adequately investigate the case; file a bail motion; file a motion to suppress illegally seized evidence; retain a handwriting expert; file a PTI application; pursue a probable cause hearing; and raise a conflict of interest involving the trial judge. Defendant also requested an evidentiary hearing.

After hearing counsels' PCR arguments, Judge Paul X. Escandon rejected defendant's claims, stating "[defendant] either makes bald assertions of deficient

representation, failing to cite law . . . or fail[s] to provide citations to affidavits or documentations to support his argument."  The judge addressed each of defendant's claims and found them belied by the record or unsupported by any facts that would establish the outcome of the various motions and investigations would have been successful or otherwise altered defendant's guilty plea.  In addition, Judge Escandon denied defendant's request for an evidentiary hearing, determining defendant "simply failed to provide sufficient proof" to necessitate a hearing.

On appeal, defendant argues the following:

> COUNSEL FOR DEFENDANT WAS INEFFECTIVE AS HE FAILED TO INVESTIGATE ANY ASPECT OF THE CASE, FAILED TO FILE ANY MOTIONS ON DEFENDANT'S BEHALF, CAUSING DEFENDANT TO SPEND 310 DAYS IN THE COUNTY JAIL IN ORDER TO RESOLVE THIS CASE. THIS SUBTLE COERCION DENIED DEFENDANT [] DUE PROCESS AND A FAIR TRIAL.

Having reviewed the record, we reject defendant's contentions and affirm substantially for the well-reasoned May 11, 2018 oral opinion rendered by Judge Escandon.  We add the following comments.

A hearing on a PCR petition is only required when a defendant establishes "a prima facie case in support of [PCR]," the judge determines that there are disputed issues of material fact "that cannot be resolved by reference to the

existing record," and the judge finds that "an evidentiary hearing is necessary to resolve the claims for relief." R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 355 (2013). A defendant is not entitled to an evidentiary hearing if the "allegations are too vague, conclusory, or speculative[.]" State v. Marshall, 148 N.J. 89, 158 (1997). A defendant must allege specific facts and evidence supporting his allegations. State v. Cummings, 321 N.J. Super. 158, 170 (1999) (explaining that "in order to establish a prima facie claim, a [defendant] must do more than make bald assertions that he was denied the effective assistance of counsel"). The relevant facts must be shown through "affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid.; see also R. 3:22-10(c).

When determining whether to grant an evidentiary hearing, the PCR [judge] must consider the facts in the light most favorable to the defendant to determine whether defendant has established a prima facie claim. State v. Preciose, 129 N.J. 451, 462-63 (1992). We review a court's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Id. at 462. Applying these principles, we see no abuse of discretion in Judge Escandon's decision and conclude there is no basis for an evidentiary hearing.

A-0982-18T4

To establish an ineffective assistance of counsel claim, a defendant must satisfy the two-pronged test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). First, a defendant must demonstrate "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). Second, a defendant must prove he or she suffered prejudice due to counsel's deficient performance. Strickland, 466 U.S. at 687, 691–92. Defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58.

In the context of a PCR petition challenging a guilty plea based on ineffective assistance of counsel, a defendant must demonstrate "a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). A defendant must also show "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)); see also

A-0982-18T4

State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (citing Padilla regarding application of the second Strickland prong).

Here, defendant was charged with five separate crimes that collectively carried a potential sentence of thirty-five years if he had gone to trial. Instead, defendant pled guilty to one count of distribution of CDS and one count of the unlawful practice of medicine. The remaining counts were dismissed in accordance with the plea agreement. Even on the two counts to which defendant pled guilty, he faced a maximum sentence of fifteen years. Defendant was ultimately sentenced on each of the two counts to a term of six years to run concurrently in accordance with the plea agreement. Given defendant's receipt of a favorable plea agreement, a decision to reject the plea offer would not have been rational under the circumstances.

We next consider defendant's argument that trial counsel was ineffective as a result of failing to file various motions. However, the filing of meritless motions and "[t]he failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990) (citing Strickland, 466 U.S. at 688).

Defendant failed to demonstrate that if his trial counsel had filed the suggested motions, defendant would have prevailed on the merits of those

A-0982-18T4

motions. In addition, defendant failed to proffer specific facts by way of a certification or affidavit evidencing that such motions would have been successful. Further, Judge Escandon provided a detailed explanation as to why each asserted motion was unlikely to have succeeded. Thus, we discern no abuse of discretion in Judge Escandon's denial of defendant's PCR petition.

We similarly reject defendant's claim that trial counsel failed to investigate any aspect of the case. Defendant failed to specify the facts and circumstances that should have been investigated, what would have been discovered through additional investigation, and how the investigation would have affected his decision to plead guilty.

We are satisfied the record fully supports the conclusion that defendant failed to meet both prongs of the Strickland/Fritz test. Defendant's claims regarding the deficiencies on the part of his trial counsel are nothing more than improper bald assertions and are insufficient to establish an ineffective assistance of counsel claim.

To the extent we have not addressed any of defendant's arguments, it is because we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0982-18T4